UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
<u>NORTHERN DIVISION</u>

**MICHAEL CARRANZA and**
**JUAN F. MARTINEZ,** **PLAINTIFFS,**

**CIVIL ACTION NO. 3:23-cv-44-KHJMTP**

v.

**CRYSTAL M. SMITH and**
**SECURA INSURANCE COMPANY,** **DEFENDANTS.**

<u>**PLAINTIFFS' RESPONSE IN OPOSITION TO DEFENDANT,**
**CRYSTAL M. SMITH'S  MOTION TO DISMISS**</u>

**COMES NOW**, the Plaintiffs, Michael Carranza, and Juan Martinez, by and through counsel of record and respond to the Motion to Dismiss filed by Defendant Crystal Smith.

First, the Plaintiffs beg the Court's pardon for the late-filed response to Defendant Smith's Motion. The deadlines imposed by the Federal Rules of Civil Procedure are well known to the Plaintiffs and understood. However, the parties to this litigation had been engaged in pre-negotiation discussions and negotiation, and it appeared at one point that the matter could be quickly resolved. It is now the case that additional information is needed by defendant Secura and that is being secured by the Plaintiffs.

To respond directly to Defendant Smith's Motion to Dismiss, the Plaintiffs take no issue with the statements of facts presented therein and their implication under Mississippi law to this action. It is correct that the Plaintiff and Defendant Smith previously settled their dispute in this matter, and the Plaintiffs executed a release in favor of Ms. Smith.

The vehicle in which Plaintiff Martinez was a driver and Plaintiff Carranza was a passenger was also insured by a policy of uninsured/underinsured motorist coverage by Secura Insurance. In

a line of cases, the Mississippi Supreme Court has stated that direct actions against an insurer such as Secura Insurance. <u>Vaughn v. State Farm Mut. Auto Ins</u>. 445 So2d 224,226 (Miss 1984). Therefore the only proper party is likely Secura insurance in the case *sub judice*.

However, having not had the opportunity to review policy language of the Secura policy, which may require access to the alleged tortfeasor and in consideration of a variety of other potential pitfalls, the Plaintiffs affirmatively chose to name both the tortfeasor and bring a direct action against Secura. Defendant Secura, having not raised any such defenses and the time to do so has passed, Plaintiffs have no objection to the dismissal of Defendant Smith.

Respectfully submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**

/s/ Mark A. Lambert
Mark A. Lambert (MS 101428)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that a true and exact copy of the forgoing instrument has been served on the following interested parties, via U.S. Mail, postage pre-paid, this the **27th** day of **March 2023**.

Patrick M. Tatum (MS 9852)
Victoria M. McKinney (MS 105831)
**UPSHAW, WILLIAMS, BIGGERS & BECKHAM, LLP**
713 South Pear Orchard, Suite 102
Ridgeland, Mississsippi 9157
P.O. Box 3080
Ridgeland, Mississippi 39158
Telephone: (601) 978-1949
ptatum@upshawwilliams.com
vmckinney@upshawwilliams.com
*Attorneys for Defendant Smith*


Matthew E. Rutherford, Jr (MS 104569)
G. Clark Monroe, II (MS 9810)
**Dunbar Monroe, PLLC**
270 Trace Colony Park, Suite A
Ridgeland, Mississippi 39157
mrutherford@dunbarmonre.com
gcmonroe@dunbarmonroe.com
*Attorneys for Defendant Secura Insurance Company*

/s/ Mark A. Lambert
Mark A. Lambert, Esq.